**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Miriam Horn<br>354 E. Blackwell St.<br>Dover, NJ 07801<br><br>    Plaintiff,<br><br>v.<br><br>Simm Associates, Inc.<br>c/o Corporation Service Company, Registered Agent<br>701 Brazos, Suite 1050<br>Austin, TX 78701<br><br>    Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5.  The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around September 14, 2007, Defendant telephoned Plaintiff's place of employment and left a voice message.

10. On or around September 14, 2007, Plaintiff notified Defendant that Plaintiff was not permitted to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

11. During this communication, Plaintiff requested that Defendant stop calling Plaintiff's place of employment.

12. Despite having notice, Defendant telephoned Plaintiff's place of employment several times between September 14 and September 20, 2007.

13. During one of these communications, Defendant telephoned Plaintiff's payroll department.

14. During this communication, Defendant stated that Defendant was going to send a document requesting that Plaintiff's wages be garnished.

15. At the time of this communication, Defendant did not have a judgment against Plaintiff.

16. As a result of this communication, Plaintiff's payroll department telephoned Plaintiff and informed Plaintiff what Defendant stated.

17. During one of these communications, Defendant telephoned Plaintiff's boss ("Boss").

18. During this communication, Defendant asked for Plaintiff and Boss transferred the call to Plaintiff's voicemail.

19. As a result of this call, Boss learned about the existence, amount, and/or nature of Plaintiff's debt.

20. Despite having notice, on or around September 20, 2007, Defendant telephoned Plaintiff's place of employment and left a voice message for Plaintiff.

21. During this communication, Defendant spoke in a loud, threatening, and abusive manner.

22. As a result of these communications, Plaintiff was terrified that Plaintiff could lose her job.

23. As a result of these communications, Plaintiff was embarrassed that Plaintiff's co-workers were informed of Plaintiff's financial difficulties.

24. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

25. Defendant violated the FDCPA.

### COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

### COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

### COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's payroll department.

44. The disclosure of Plaintiff's debt to these parties is highly offensive.

45. The information disclosed is not of legitimate concern to the public.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

48. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

49. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

50. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT ELEVEN

### Violation of the Fair Debt Collection Practices Act

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect a debt.

## JURY DEMAND

54. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

55. Plaintiff prays for the following relief:

   a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15

      U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

      §1692k.

   b.  Judgment, in an amount to be determined at trial, against Defendant for the

      Invasion of Privacy by Intrusion upon Seclusion.

   c.  Judgment, in an amount to be determined at trial, against Defendant for the Public

      Disclosure of a Private Fact.

   d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Alana Carrion
   Alana Carrion
   Bar # 015172006
   17 Academy Street, Suite 615
   Newark, NJ 07102
   Telephone: 866-339-1156
   axc@legalhelpers.com
   *Attorney for Plaintiff*